IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARC E. BERCOON, *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>: CIVIL ACTION NO.<br>: 1:15-CR-0022-LMM<br>:<br>:<br>:<br>: |

## **ORDER**

This case comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [203], (1) denying Defendant Bercoon and Goldstein's Motion for Disclosure of Communications between the SEC and DOJ [55]; and (2) recommending that (a) Goldstein's Motion to Suppress Statements based on Voluntariness [55] be denied; (b) Goldstein's Motion to Suppress [47] be granted in part as to the warrantless searches of the telephones and denied as moot in part as to the fruits of the search of the thumb-drive; and (3) Bercoon's Motion to Suppress [147] be denied as moot as to the fruits of the search of the thumb-drive. Pursuant to 28 U.S.C. § 636(b)(1), Defendant Goldstein and the Government filed Objections to the R&R [214, 215]. After due consideration, the Court enters the following Order:

## I. LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's Report and Recommendation for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1).[1] If a party files objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.; Fed. R. Crim. P. 59(b)(3). As Goldstein and the Government filed objections to the R&R with respect to the Magistrate Judge's analysis,[2] the Court reviews the Magistrate Judge's recommendations regarding these conclusions on a *de novo* basis. 28 U.S.C. § 636(b)(1).

Defendant Goldstein objects to the Magistrate Judge's: (1) refusal to hold a hearing regarding whether the SEC and DOJ investigations merged so as to interfere with the proper administration of justice; (2) recommended denial of

---

[1] On February 17, 2017, well outside the objection period, Bercoon filed a "Response to the Government's Objections" which states that he is—for the first time—adopting Goldstein's objections regarding the SEC/DOJ communications. Dkt. No. [232] at 2. By not initially objecting or even filing a notice which adopted Goldstein's objections in a timely fashion, Bercoon waived his right to object to the Magistrate Judge's R&R. Fed. R. Crim. P. 56(b)(1)(2) ("Failure to object in accordance with this rule waives a party's right to review."). However, because Goldstein did timely object and the Court is addressing all of Goldstein's objections, Bercoon's untimely adoption is ultimately meaningless—the substance of the objections will be addressed herein.

[2] For clarity, no one has objected to the Magistrate Judge's recommendation to deny Defendants' Motions to Suppress the fruits of the thumb drive search [47, 147] as moot (as the Government has not searched the back-up telephone data files and does not plan to introduce the other computer files unless: (1) Defendants testify and the evidence is admissible pursuant to the impeachment exception to the exclusionary rule, or (2) if the Government obtains a warrant for the information). The Court has reviewed this recommendation for clear error, and finding none, **ADOPTS** it.

his motion to compel the SEC and DOJ communications; and (3) recommended denial of his motion to suppress statements he made to SEC attorney Natalie Brunson during a June 30, 2010 telephone call, as he contends those statements were coerced.

The Government objects to the Magistrate Judge's recommendation to suppress the three cell phones and their related data, arguing that the phones were abandoned, or alternatively, the agents reasonably believed the source of the phones—Rosenberg—had the authority to consent to the search. The Court will consider each objection in turn.

## II.   DISCUSSION

### A. Goldstein's Objections

As stated supra, Goldstein objects to the Magistrate Judge's (1) refusal to hold a hearing regarding whether the SEC and DOJ investigations merged; (2) denial of his motion to compel those interagency communications; and (3) recommendation to deny his motion to suppress statements he made to SEC attorney Natalie Brunson.

#### 1. Interagency Communications

Goldstein first argues that the Magistrate Judge should have held a hearing so that he could cross-examine the DOJ and SEC regarding the scope of interagency cooperation to determine if the SEC's investigation violated his due process rights. He argues that the Magistrate Judge's *ex parte* review of the written communications between the SEC and DOJ is insufficient, as there could

be oral conversations which were not included and this information was not tested by cross-examination. He also argues he should have been able to have a hearing to determine if the DOJ had any input in SEC attorney Natalie Brunson's June 30, 2010 telephone call to him. Finally, he objects that he should receive the communications which were produced to the Court *en camera* so that he can evaluate his due process claim, and that the Magistrate Judge applied the wrong legal standard with respect to what Defendant has to prove for the SEC investigation to have violated his due process rights. Dkt. No. [215] at 2-17.

The Court has reviewed these objections and finds that the Magistrate Judge properly denied a hearing regarding the agency intertwinement because Goldstein did not demonstrate a *prima facie* case of prosecutorial misconduct. U.S. v. Melvin, No. 3:14-CR-00022-TCB-RGV, 2015 WL 7116737, at *16 & n.25 (N.D. Ga. May 27, 2015) ("a hearing is not appropriate unless [the defendant] can make an unrebutted prima facie showing of prosecutorial misconduct.") (citing U.S. v. Moses, 219 F. App'x 847, 849-50 (11th Cir. 2007)). The mere fact that the SEC and DOJ participated in joint interviews and shared information is insufficient; joint investigations with routine information sharing is entirely proper so long as there is no evidence that the sharing departs from the proper administration of justice. See U.S. v. Kowalewski, No. 2:13-cr-0045-RWS-JCF, 2014 WL 6667127, at *18 (N.D. Ga. Nov. 24, 2014) ("In fact, with respect to the investigation and prosecution of potential violations of S.E.C. regulations and laws, parallel civil and criminal investigations and prosecutions are not only

4

common, but the sharing of information between agencies is authorized by statute."). Therefore, the Court **OVERRULES** Goldstein's objections related to his hearing request.

Additionally, the Court has independently reviewed the Government's *ex parte* filing and agrees with the Magistrate Judge that, apart from the Defendant's failure to show a *prima facie* case of improper intertwinement, the actual communications themselves do not support such a finding. See R&R, Dkt. No. [203] at 15.

The Court also finds that the Magistrate Judge applied the correct legal standard and **OVERRULES** Goldstein's Objections with respect to his Motion to Obtain SEC and DOJ Communications [55]. See R&R, Dkt. No. [203] at 12-15 (discussing Kordel, Scrushy, Stringer, Melvin, and Kowaleski and finding that to prove a due process violation based on improper administration of justice, a defendant must demonstrate either affirmative misrepresentations or a civil investigation conducted solely for the purposes of advancing the criminal case).

### 2. Motion to Suppress Statements to Natalie Brunson

Goldstein next moves to suppress his statements to SEC Attorney Natalie Brunson during a June 30, 2010 telephone call, alleging that because Brunson referred to the investigation as "nonpublic and confidential," Goldstein's statements were not voluntary as he was promised that the statements would not be shared with the criminal authorities, among others. He further argues the Magistrate Judge erred in finding that Brunson read Goldstein her standard

Privacy Act statement when she did not have a specific memory of doing so. Obj., Dkt. No. [215] at 17-27.

The Court finds that the Magistrate Judge correctly found that Goldstein's statements were not coerced and **ADOPTS** the R&R on this issue. See R&R, Dkt. No. [203] 16-33. The Magistrate Judge properly found that Brunson read the Privacy Act script as, while she had no specific memory doing so, she testified that it was <u>always</u> her practice to read the Privacy Act script prior to an interview and, while she did not notate that she read the statement in her notes, she also did not notate that she sent a Form 1622—which she also did routinely and is uncontroverted was done in this case. Faced with no evidence to contradict her routine practice of reading the warning, the Magistrate Judge properly found Brunson read it here. R&R, Dkt. No. [203] at 26-27. And as that warning specifically advised that the information is routinely shared between the SEC and criminal authorities, that he was able to have an attorney present, and was not obligated to speak with her, Goldstein's statement was not coerced. Id. at 26-36.

Further, the Court agrees with the Magistrate Judge that Brunson's reference to the investigation as "nonpublic and confidential" did not affect the voluntariness of Goldstein's interview, when considering the totality of the circumstances. The Court therefore **ADOPTS** the Magistrate Judge's opinion as the order of this Court and **DENIES** Goldstein's Motion to Suppress [55] his June 30, 2010, telephone conversation with SEC attorney Natalie Brunson.

### B. Government's Objections

The Government argues Goldstein's Motion to Suppress the cell phones and related data should be denied because (1) Goldstein does not have standing since he abandoned the phones; and (2) even if he did not abandon them, the agent reasonably believed Rosenberg had the authority to search the phones.

Turning to the first issue, the Court finds that the Magistrate Judge properly found Goldstein did not abandon the phones and the Court **ADOPTS** the R&R on this point. See R&R, Dkt. No. [203] at 36-65. The Court finds the Magistrate Judge appropriately distinguished U.S. v. Sparks, 806 F.3d 1323 (11th Cir. 2015), U.S. v. Lehder-Rivas, 955 F.2d 1510 (11th Cir. 1992), and U.S. v. Chandler, 197 F.3d 1198 (8th Cir. 1999), as leaving (1) the password-protected, "dead" phones in the possession of his personal assistant to keep a spare in case of emergencies or for his toddler to play with; or (2) the data on his computer for the purposes of upgrading Defendants' cell phones (which Rosenberg was doing in his capacity as Defendants' employee and Rosenberg never accessed outside of that context because he understood that his use of the information was limited to upgrading the phones) does not rise to the level of abandonment.

Further, the Court does not find that the agent reasonably believed that Rosenberg had the apparent authority to authorize the Government's search of the cell phones or their related data. The Court has reviewed the evidence Agents Taylor and Cromer had at the time they received the phones, and the Court agrees with the Magistrate Judge that they could not have objectively believed Rosenberg had the authority to authorize the search. See R&R, Dkt. No. [203] at

83-89. The Court therefore **ADOPTS** the Magistrate Judge's R&R and **GRANTS** Goldstein's Motion to Suppress [47] the cell phones and the related thumb-drive cell phone data.

### III. Conclusion

Magistrate Judge's Report and Recommendation ("R&R) [203] is **ADOPTED** as the Order of this Court. Defendant Goldstein's Objections regarding the SEC and DOJ communications [55] are **OVERRULED**, and his Motion to Suppress his statements to Natalie Brunson [55] is **DENIED**. Goldstein's Motion to Suppress [47] is **GRANTED, in part** as to the warrantless searches of the telephones and related thumb-drive cell phone information and **DENIED, as MOOT, in part** as to the fruits of the search of the thumb-drive. Bercoon's Motion to Suppress [147] is **DENIED, as MOOT** as to the fruits of the search of the thumb-drive.

**IT IS SO ORDERED** this 24th day of July, 2017.

Leigh Martin May
**United States District Judge**