IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. |
| | : | 1:15-CR-0022-LMM |
| MARC E. BERCOON, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

This case comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [182], (1) recommending that Defendants Bercoon, Goldstein, and Vuegeler's Motions to Suppress Evidence from Wiretaps [51, 75, 77, 118] be denied; Defendants Bercoon, Goldstein, and Vuegeler's Motions for Severance [46, 54] be denied; and that Defendant Goldstein's Motion to Strike Surplusage [53] be denied; and (2) ordering that Defendants' requests for Franks hearings and a bill of particulars [48] be denied. Pursuant to 28 U.S.C. § 636(b)(1), Defendants Bercoon and Goldstein filed Objections to the R&R [199, 201].[1] After due consideration, the Court enters the following Order:

---

[1] Since the R&R was entered, Defendant Vuegeler has pled guilty. Dkt. No. [217]. Defendant Vuegler's Motions [54, 77] are thus **DENIED, as MOOT**.

## I.    LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's Report and Recommendation for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.; Fed. R. Crim. P. 59(b)(3). As Defendants filed objections, the Court reviews the Magistrate Judge's challenged recommendations on a *de novo* basis.[2] 28 U.S.C. § 636(b)(1).

Defendant Bercoon has objected to the Magistrate Judge's recommendation regarding his Motion to Suppress [75]. Obj., Dkt. No. [199]. Bercoon did not object the Magistrate Judge's recommendation to deny his Motion to Sever [46], and thus he has waived his right to review on that issue. See Fed. R. Crim. P. 59(a).

Defendant Goldstein has made a litany of objections, objecting to practically every factual and legal finding made by the Magistrate Judge with regard to all of his Motions [46, 48, 51, 53, 118]. See Obj., Dkt. No. [201]. The Court will consider the objections in turn.

---

[2] The Court has also reviewed the Exhibit binders which the Magistrate Judge forwarded for this Court's review.

## II.   DISCUSSION

### A. Bercoon's Objections

Defendant Bercoon argues he is entitled to a Franks hearing because the Government recklessly withheld information from the wiretap authorizing judges, undermining the district judges' necessity determinations. Obj., Dkt. No. [199] at 1. As the Magistrate Judge correctly noted, a Franks hearing is mandated when "a defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by an affiant in a search warrant affidavit, and [] the allegedly false statement was necessary to the finding of probable cause. . . ." R&R, Dkt. No. [182] at 49 (citing Franks v. Delaware, 438 U.S. 154, 155-56 (1978)). "Likewise, Franks also applies when the 'misinformation' involves omissions from the affidavit 'made intentionally or with a reckless disregard for the accuracy of the affidavit.' Madiwale v. Savaiko, 117 F.3d 1321, 1326-27 (11th Cir. 1997) (quoting United States v. Martin, 615 F.2d 318, 329 (5th Cir. 1980)). However, '[o]missions that are not reckless, but are instead negligent . . . or insignificant and immaterial, will not invalidate a warrant. . . . Indeed, even intentional or reckless omissions will invalidate a warrant only if inclusion of the omitted facts would have prevented a finding of probable cause.' Id. at 1327 (citations omitted); accord United States v. Brown, 370 F. App'x 18, 21 (11th Cir. 2010) (same)." R&R, Dkt. No. [182] at 49-50.

At bottom, Bercoon argues Affiant's failure to obtain and review the evidence which he and Goldstein provided to the Securities and Exchange Commission's ("SEC") Los Angeles Regional Office ("LARO") in connection with a civil injunctive lawsuit, which was brought against him and Defendant Goldstein, <u>SEC v. LADP Acquisition, Inc.</u>, CV10-6835 (C.D. Cal.) (hereinafter, "LARO evidence"), affected the wiretap's necessity. Bercoon makes five explicit objections to the R&R: (1) he should not have been required to produce an affidavit or sworn statement to lay a foundation for his <u>Franks</u> hearing; (2) the Government's version of the facts should not have been credited; (3) the LARO evidence was important; (4) <u>U.S. v. Rajaratnam</u>, Crim. A. No. 09-cr-1184-RJH, should have been followed; and, (5) the good faith exception to the exclusionary rule should not have been applied. Obj., Dkt. No. [199] at 25-31.

Turning to the specific objections, the Court does not read the R&R so broadly as to require counsel to produce an affidavit to support its offer of proof. <u>See</u> R&R, Dkt. No. [182] at 76 ("The court finds that Defendant Bercoon failed to present evidence, in the form of sworn affidavits *or other statements* relying instead on his counsel's 'factual' summary, that Affiant had in his possession at the time he prepared the affidavits in June, July and August 2011 any of the information previously gathered during the SEC LARO investigation and civil litigation.") (emphasis added). Rather, the Magistrate Judge denied the claim because, despite having access to the entirety of the SEC LARO evidence since September 2015, Bercoon failed to point the court to any evidence which—if

4

reviewed—would have changed the wiretaps' necessity analysis. Id. at 79 ("The simple fact is that Defendants have failed to point to any specific information from the SEC LARO investigation, even though in their possession since September 2015, that would have undermined the necessity showing, especially as regards the efforts to investigate ongoing and future market manipulations."); id. at 80 ("Absent a showing of what information *specifically* was omitted from the affidavits which if included would have negated necessity, instead of just generally opining that there was a lot of information gathered by the SEC LARO none of which was included in the affidavits, Defendants simply are not entitled to a Franks hearing.").

The Magistrate Judge also noted that the only *facts* which Bercoon cites in support of Affiant's LARO investigation knowledge include two instances in which the SEC Atlanta Regional Office ("ARO") provided information to the LARO, not the other way around. And the LARO involved a different type of stock fraud involving different entities, further discrediting the potential value of the information. Id. at 78-79. The Court finds the Magistrate Judge did not require an affidavit as Defendant suggests.

The Magistrate Judge also correctly found that the ARO did not have the Defendants' LARO evidence until the Government obtained the information at Defendants' request. And the Court does not find that Defendant's citation to the FBI-302 report detailing that Affiant once met with LARO attorneys during an informant interview undermines the Magistrate Judge's determination that

5

Defendants had only presented "rank speculation" that Affiant had knowledge of the LARO materials or was otherwise aware of any non-public details of that investigation. See R&R, Dkt. No. [182] at 77-78. As the Magistrate Judge correctly found, that investigation involved "a different type of stock fraud, related to distinct entities, not involving market manipulation," id. at 78, so Defendants' arguments that Affiant *should have* obtained the LARO evidence also does not amount to recklessness.

The Magistrate Judge also properly distinguished the non-binding district court opinion of United States v. Rajaratnam, 09-cr-1184-RJH (S.D.N.Y.). See R&R, Dkt. No. [182] at 81-83. Unlike in Rajarantnam, where the existence of a *related* SEC investigation which had underlain Rajarantam's criminal investigation was never referenced, here Affiant expressly disclosed to the district judges (1) the LARO investigation's existence, and (2) that the fraud was distinct. See, e.g., July 26, 2011 Aff., Gov't Ex. 2-B ¶ 81 ("Louis Cohan is an attorney who represents GOLDSTEIN, BERCOON, and an entity they own, LADP Acquisition, Inc. in a pending lawsuit by the U.S. Securities and Exchange Commission, SEC v. LADP Acquisition, Inc. . . . . The SEC's civil complaint alleges that the defendants in that case committed securities fraud by raising $3.2 million from 110 investors in an unregistered securities offering through the use of fraudulent misrepresentations."). And the defendant in Rajarantnam also pointed to specific non-disclosed information which undermined the necessity determination, unlike here.

The Magistrate Judge also correctly found Affiant was not reckless in preparing his affidavit, and she was correct to apply the good faith exception to the exclusionary rule. Id. at 83-85. Therefore, the Court **OVERRULES** Defendant Bercoon's Objections.

### B. Goldstein's Objections

As stated supra, Goldstein has made a myriad of disjointed objections which essentially attack most—if not all—of the 126-page R&R. The Court has carefully reviewed the R&R and Goldstein's Objections and finds the Objections meritless. The Court will summarize its conclusions as follows:

#### 1. Motion to Suppress

Turning to Goldstein's Objections regarding his Motion to Suppress [51], the Court finds that the Magistrate Judge correctly recommended denying it. First, the Court finds the wiretaps were supported by probable cause. Goldstein argues that the wiretap affidavits' information was stale and the CI's conversations with Bercoon could not be used to refresh it because by the time the CI had his discussions with Bercoon, he was acting as a government agent and thus could not have been a member of a conspiracy. Obj., Dkt. No. [201] at 9-11. However, (1) Goldstein does not cite any authority for the proposition that wiretaps may not be used to gather historical evidence; and, (2) Bercoon was not the only member of the purported conspiracy—Goldstein and Vuegler were as well. Bercoon's attempt to resolve the CI's outstanding tax liability would work to

the benefit of the co-conspirators. See, e.g. R&R, Dkt. No. [182] at 27 n.18, 36 n.22.

Goldstein also complains about the agent's interpretations of various conversations. But even after a careful review of the conversations, this Court is not convinced that any of Affiant's interpretations were unreasonable. The agent set out both the actual text of the call and his interpretation—so that the district judge was able to come to his or her own conclusion. See United States v. Thompson, No. 10-cr-20410, 2011 WL 4455244, at *9 (S.D. Fla. March 31, 2011) (""[The] Agent . . . included excerpts of the actual conversations, as well as his interpretations, in the Affidavit. The Court could have declined to sign the wiretap order if it did not agree with the agent's interpretations."). And the only transcription error which Goldstein points to—"PR guy" versus "Bakthiar"—did not rise to the level of an intentional or reckless confusion. See R&R, Dkt. No. [182] at 47-60. As Goldstein even acknowledged, PR sounds like Bakthiar, undermining the contention that any mistake would have been purposeful or even reckless. See Def. Supp. Br., Dkt. No. [118] at 26 n.9 ("Certainly, "Bakthiar guy" does sound like "PR guy" but the affiant is simply wrong.").

Goldstein also objects to the quantity of evidence Affiant reviewed concerning MCGI stock in March 2011, see Obj., Dkt. No. [233] at 14-17, but the Court does not find that there was any evidence that the bluesheeting data was "readily available" to the SEC or that the SEC had analyzed the information such that it could have shared its findings with Affiant.

As to Goldstein's Objections regarding the wiretaps' necessity, the Court **OVERRULES** Defendant's objections. With regard to the LARO evidence and the good faith exception, Goldstein's objections essentially parallel those of Bercoon. For the reasons stated above, the Court overrules Goldstein's Objections regarding the LARO evidence and the good cause exception.

Goldstein also objects that because a private individual on his own volition was able to surreptitiously record Defendants Bercoon and Goldstein in October 2010, Affiant was wrong to state that it could not have placed a CI with the company. However, there is no evidence to support that there was a well-placed individual at the company who would have had access to incriminating information. The private individual who made the recording was not acting as a government agent and there is no evidence that the private individual was well-positioned to obtain such information. Therefore, Defendant's Motion to Suppress [51] is **DENIED**.

### 2. Motion to Sever

Goldstein also objects to the Magistrate Judge's denial of his Motion to Sever, arguing that the two alleged fraud schemes are not related in any way and should be severed pursuant to Rules 8(b) and 14.

The Court applies a two-test process to determine whether severance is appropriate. First, the Court determines whether initial joinder was proper under Rule 8. U.S. v. Gabay, 923 F.2d 1536, 1539 (11th Cir. 1991). Federal Rule of Criminal Procedure 8(b) allows for joinder of defendants where "an indictment

9

charges multiple defendants with participation in a single conspiracy." United States v. Alvarez, 755 F.2d 830, 857 (11th Cir. 1985); see also Fed. R. Crim. P. (8)(b). "[T]he general rule is that [d]efendants indicted together should be tried together, especially in conspiracy cases." United States v. Chavez, 584 F.3d 1354, 1359-60 (11th Cir. 2009); see also Alvarez, 755 F.2d at 857.

If the Court finds Rule 8 satisfied, next the Court determines whether severance would nevertheless be appropriate under Rule 14 because of prejudice to the defendant. Id.; Fed. R. Crim. P. 14. Rule 14 provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14.

If a defendant makes a motion to sever, he or she carries the "heavy burden of demonstrating that 'compelling prejudice' would result from a joint trial." United States v. Lopez, 649 F.3d 1222, 1234 (11th Cir. 2011) (citing United States v. Browne, 505 F.3d 1229, 1268 (11th Cir. 2008)). Severance is "warranted only when a defendant demonstrates that a joint trial will result in 'specific and compelling prejudice' to his defense." United States v. Liss, 265 F.3d 1220, 1228 (11th Cir. 2001) (citing United States v. Walker, 720 F.2d 1527, 1533 (11th Cir. 1983)).

"Compelling prejudice occurs when the jury is unable to 'separately appraise the evidence as to each defendant and render a fair and impartial

verdict." Liss, 265 F.3d at 1228 (citing United States v. Meester, 762 F.2d 867, 883 (11th Cir. 1985)). Such prejudice may be demonstrated by showing that "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." United States v. Blankenship, 382 F.3d 1110, 1122-23 (11th Cir. 2004) (emphasis added) (quoting Zafiro v. U.S., 506 U.S. 534, 539 (1993)).

In deciding whether to grant severance, courts must "balance any . . . prejudice [to the defendants] against the interest of judicial economy." Id. at 1120 (quoting U.S. v. McGuire, 60 F.2d 1028, 1031 (5th Cir. 1979)). The Supreme Court has established a two-step test to determine whether a court should grant a motion to sever. See Zafiro, 506 U.S. at 539. First, the defendant must show that a joint trial will prejudice him, and second, the defendant must demonstrate that less drastic measures will not suffice. Browne, 505 F.3d at 1268 (first citing Blankenship, 382 F.3d at 1120; then citing Zafiro, 506 U.S. at 538-39).

Turning to Goldstein's Rule 8(b) objections, Goldstein argues that the United States has not established that the schemes are "united by the 'same series of acts or transactions.'" Obj., Dkt. No. [63] at 63 (quoting United States v. Hill, 643 F.3d 807, 829 (11th Cir. 2011)). Rather, he claims that the only similarity between the two schemes are that they both involve securities, and it would be confusing to the jury to have to constantly determine which set of securities laws (private or public) apply to which count/scheme. Obj., Dkt. No. [63] at 64-65. He also objects that using the same bank account, having common participants, or

having schemes which occurred at the same time would make the counts related for 8(b) purposes. Id. at 65-68.

The Court has reviewed the R&R, and finds that the Magistrate Judge correctly found that the schemes should be joined. R&R, Dkt. No. [182] at 93-101. Both of these schemes involve: the same participants; overlapping time periods; the use of the same bank account for the allegedly fraudulent proceeds; the same purpose to enrich defendants; the same modus operandi (misleading investors about the nature of the investment and the sharing of those proceeds); the same wiretaps as evidence; and the involvement of two cooperating witnesses. The Court thus **ADOPTS** the Magistrate Judge's Rule 8(b) analysis. R&R, Dkt. No. [182] at 93-101.

Next, Goldstein contends that even if the schemes are properly joined, he will be prejudiced by that joinder and should be severed. Specifically, he claims (1) the jury will be confused by the inclusion of both private and public securities, which are subject to different rules and regulations, and no curative instruction about considering each charge separately would help; (2) the criminal backgrounds of the witnesses involved with the MCGI fraud will prejudice him with the jury; and (3) the Magistrate Judge incorrectly found that the schemes were inextricably intertwined or would otherwise be admissible as Rule 404(b) evidence.

The Court has reviewed the R&R and agrees that Goldstein has not shown "compelling prejudice" through joinder of the two schemes. There is no evidence

that a jury instruction would not cure any perceived difficulty a jury might have in considering private and public securities in the same case. R&R, Dkt. No. [182] at 104. Further, the Magistrate Judge appropriately cited authority that witnesses' criminal histories is not an appropriate ground for severance, authorities which Goldstein did not address in his Objections. Id. at 104-06. And finally, the Court finds the schemes are inextricably intertwined, but even if deemed extrinsic, they would be admissible as 404(b) evidence as the schemes are linked in time, participants, and circumstances. Id. at 107-12. Goldstein is unable to demonstrate compelling prejudice, and thus the Court **ADOPTS** the R&R's Rule 14 analysis and **DENIES** Goldstein's Motion to Sever [46].

### 3. Motion to Strike Surplusage

Goldstein next argues that this Court should grant his Motion to Strike Surplusage, arguing that the term "pump and dump" is inflammatory and prejudicial. Obj., Dkt. No. [201] at 70-71. This Court has reviewed the matter and agrees with the Magistrate Judge that Goldstein has yet to explain why the term is prejudicial under Rule 7(d). See id.; R&R, Dkt. No. [182] at 112-16. Thus, the Court **ADOPTS** the R&R's recommendation and **DENIES** Defendant's Motion to Strike Surplusage [53].

### 4. Motion for Bill of Particulars

Goldstein also objects to the Magistrate Judge's denial of his Motion for Bill of Particulars, arguing (1) he must be able to determine the omissions or false statements referenced in paragraphs 42, 63, and 69 of the Superseding

13

Indictment; and (2) with regard to paragraph 81 of the Superseding Indictment, he must be advised how he is alleged to have violated each of the three subsections of Rule 10b-5. This Court has reviewed the matter and agrees with the Magistrate Judge that due to the Superseding Indictment's allegations and the discovery and information provided to Defendants—including the Government's response to the Bill of Particulars, this Motion was correctly denied. Defendant's Objection is **OVERRULED**.

## III. CONCLUSION

The R&R [182] is **ADOPTED** as the Order of this Court, and Defendants Bercoon and Goldstein's Objections to the R&R [199, 201] are **OVERRULED**.

Defendant Vuegler's Motions [54, 77] are **DENIED, as MOOT** as he has pled guilty. Defendants Bercoon and Goldstein's Motions to Suppress Evidence from Wiretaps [51, 75, 118] and Motions for Severance [46, 54] are **DENIED**. Defendant Goldstein's Motion to Strike Surplusage [53] is also **DENIED**.

**IT IS SO ORDERED** this 25th day of July, 2017.

**Leigh Martin May**
**United States District Judge**